SYLVIA RICHARDS *v.* FRANK M. LEE.

[45 South., 570.]

1. EJECTMENT. *Bill of particulars of title.* *Code* 1906, § 1827. *Failure to furnish.* *Evidence.*

　　Under Code 1906, § 1827, providing for bills of particulars of title in ejectment suits, if a party, after due demand on him therefor, fail to render a bill of particulars as required by the statute and enter upon the trial before doing so, it is not error in the absence of excuse for the failure, to exclude all testimony offered by him, especially where it is manifest that the proffered evidence, if received, would not make out his side of the case.

2. SAME. *Title to support action.* *Common source.*

　　A plaintiff in ejectment can recover without deraigning title from the government, by showing in himself a perfect title from the common source under whom he and the defendant both claim the land.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Lee, appellee, was plaintiff in the court below; Mrs. Richards, appellant, was defendant there. From a judgment in plaintiff's favor, predicated of a peremptory instruction, the defendant appealed to the supreme court.

Plaintiff sued defendant in ejectment; defendant pleaded not guilty, and demanded a bill of particulars of plaintiff's title to the land in question. Plaintiff complied with the demand and himself demanded a bill of particulars of defendant's claims of title. Defendant failed to comply with plaintiff's demand, and after the trial had been entered upon, for the first time, made application to be permitted to do so. Her application, upon objection by plaintiff on the ground that it came too late, was denied by the circuit court.

On the trial plaintiff introduced evidence showing a valid

91 Miss.—42

title, deraigned from a person (a common source) under whom defendant was shown to claim the lands; and, offered in evidence a conveyance under a decree of the chancery court of the county in a cause wherein appellant, defendant, was a party, and also a judgment of the circuit court of the county against defendant, in ejectment, for the same lands of date of August, 1903, each divesting defendant of title to the land and investing it in appellee's grantor.

Plaintiff having rested, defendant sought to introduce evidence of her adverse possession of the land for more than ten years continuously, next before suit was begun, but the court below, on the objection of plaintiff, declined to permit her to do so because of her failure to render a bill of particulars of title in the cause before the trial.

Code 1906, § 1827, is as follows:

" After issue joined in ejectment, either party may demand, in writing, of the other a bill of particulars of his claim or title to the premises in question, which bill shall include a short abstract of such documentary evidences of title as the party may intend to give in evidence on the trial; and a clear and succinct statement of the substance of any and all lost or destroyed documents the contents of which he may expect to prove; and if title be claimed by inheritance, or if claimed on any fact which rests in parol, the facts shall be stated. . . . And such bill of particulars shall be delivered to or filed with the clerk in thirty days after the same shall be demanded, or within such further time as the court or judge, on cause shown, may grant, and in default thereof, evidence of such title shall not be given on the trial; but the court or judge may on cause shown allow either party to serve an amended bill of particulars; and in all cases, the evidence of title shall be confined to the matters contained in the bill of particulars."

*Cassedy & Cassedy,* for appellant.

When the plaintiff rested his case, the court below should

have sustained defendant's motion to exclude the evidence and instruct the jury to find for defendant; because plaintiff had failed to show deraignment of title from the United States government. It is the undisputed requirement of law that a plaintiff must recover on the strength of his own title and not on the weakness of his adversary's. *McRaven* v. *McGuire,* 9 Smed. & M., 34; *Doe* v. *Prichard,* 11 Smed. & M., 327; *Wolfe* v. *Dowell,* 1 Smed. & M., 105; *Cunningham* v. *Davis,* 33 Miss., 46.

The court below erred in refusing to allow appellant to show title by adverse possession. The court proceeded upon the theory that it was obligatory upon appellant to file a bill of particulars in response to the demand therefor made by the plaintiff; and as she failed in this, no evidence of her title was admissible; but the only matter necessary to be in a bill of particulars of title is documentary evidence intended to be offered on the trial, and it was accordingly not necessary for appellant to give notice of parol evidence showing ten years' adverse possession. Code 1906, § 1827.

If we should however be mistaken as to the necessity of rendering a bill of particulars of this parol evidence, we yet say that the court below erred in not permitting the bill of particulars to be filed and oral evidence thereunder introduced, on the hearing of the cause. The purpose of all trials is to reach the merits. The court below was authorized to allow amendments in pleadings and proceedings and should have done so, should have brought the real merits up for decision. The rights of litigants should not be lost by mere mistake of judgment or neglect of parties, if the attention of the trial court be called to the same before verdict and judgment. Code 1906, § 775.

*E. J. Simmons,* for appellee.

Plaintiff was entitled to judgment in the court below; although he did not deraign title from the United States govern-

ment, he deraigned it from a source common to both parties. 15 Cyc., 41.

Not only did plaintiff carry back his title to a common source, but, to reach this common source, he carried the chain back through a warranty deed wherein the defendant was grantor. There was thus no necessity for showing a paper title from the government.   15 Cyc., 47; *McReady* v. *Lansdale,* 58 Miss., 877; *Gillum* v. *Case,* 67 Miss., 588; 7 South., 551; *Johnson* v. *Futch,* 57 Miss., 73; *Dingley* v. *Paxton,* 60 Miss., 1048; *Long* v. *Stanley,* 79 Miss., 301; *Morgan* v. *Hazlehurst Lodge,* 53 Miss., 665; *Griffin* v. *Sheffield,* 38 Miss., 359; *Smith* v. *Doe,* 26 Miss., 291; *Miller* v. *Ingram,* 56 Miss., 510; *Tatum* v. *Caston,* 65 Miss., 488; *Myrick* v. *Wells,* 52 Miss., 149.

But aside from the above, the former judgment in ejectment against the defendant, rendered in August, 1903, is conclusive against her right of possession, and plaintiff was not obligated to go back of this, inasmuch as he holds directly from the plaintiff in that ejectment suit.   Code 1906, § 1852; 15 Cyc., 183, par. 4; 23 Cyc., 1329, note 9.

Learned counsel for defendant are in error in assuming that it was not necessary for defendant to furnish a bill of particulars of title in order to entitle her to offer evidence as to adverse possession on her part.   No reason was given in the court below for her failure to furnish a bill of particulars; and the court's action in refusing to permit the filing of the bill of particulars after the jury had been empaneled and the trial begun was manifestly proper.   Code 1906, § 1827, made it imperative that she should file her bill of particulars if she desired to introduce any evidence of title.   Having failed as to this, she was not entitled to prove adverse possession or any other fact resting in parol, for the statute cited distinctly states if title is claimed on any fact resting in parol, the facts shall be stated in bill of particulars.   *Early* v. *Long,* 89 Miss., 285; 42 South., 348; *Goforth* v. *Stingley,* 79 Miss., 398; 30 South., 690.

Code 1906, § 775, provides that the circuit court shall have power to allow amendments in any pleading or proceeding at any time before verdict, but this power cannot help appellant, in so far as the right to file the bill of particulars during trial was concerned, for the reason that there was nothing to amend. Certainly Code 1906, § 1827, should not be in effect nullified by any strained construction of Code 1906, § 775. See *Goforth* v. *Stingley,* 79 Miss., 398; 30 South., 690.

Again, had appellant been permitted on the trial to introduce evidence of adverse possession on her part, it is inconceivable that such evidence could have availed, in view of the judgment in ejectment against her, of date of August, 1903, which judgment clearly settled her rights and characterized her possession as being insufficient to confer title by an adverse holding; and certainly no title could be acquired by adverse possession since August, 1903, to date of filing of this suit, three years.

CALHOON, J., delivered the opinion of the court.

Lee brought this action of ejectment against appellant, and recovered; and she appeals. There was a mutual demand by the parties for a bill of particulars of title. The plaintiff furnished his; but the defendant did not. The statute provides that these bills of particulars shall be furnished on demand, pointing to the records. Where the claim of title is not of record, but depends on matters *en pais,* the statute requires a statement of facts. In the particular case, Mrs. Richards, defendant below, and appellant here, sought, on the trial, to be permitted to then make a bill of particulars showing title by adverse possession for more than ten years. The court refused to allow this on the trial, and we will not disturb the action of the court.

There is no danger of injustice in affirming this action of the court, because it is perfectly manifest that Mrs. Richards is concluded by judicial proceedings to which she was a party

within three years of the present litigation. It is also manifest that the plaintiff deduced a perfect title from the common source, and was under no sort of necessity to go back to the government.

*Affirmed.*